SCANNED at PENDLETON and Emailed on
7/11/22 by _____ - 57 pages.
(date)   (initials)   (num)

# 42 U.S.C. § 1983
# CIVIL COMPLAINT

Keith Scruggs

              **Plaintiff,**

**Vs.**

ERIC J. HOLCOMB, et al.

              **Defendants.**

1:22-cv-01369 -SEB-TAB

**CASE NO.**_____

**FILED**

**07/11/2022**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

Keith Scruggs
**Plaintiff,**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:22-cv-01369 -SEB-TAB

**Case No.** _____

Vs.                                              )
                                                 )
**ERIC J. HOLCOMB,** Governor;           )
**ROBERT E. CARTER, Jr.,** Commissioner ;)
**Dr. DAUSS, I.D.O.C.** Medical Director;   )
**DENNIS REAGAL,** Warden;               )
**INDIANA DEPARTMENT OF CORRECTIONS** ;)
**CENTURION MEDICAL PROVIDER,** Each are sued)
in their individual and in his (or her) official )
Capacity.                                        )
At all times mentioned in this Complaint   )
each defendant acted under the color of    )
State law;                                       )
**Defendants.**                             )

**COMPLAINT**

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT FOR DAMAGES AND

## INJUNCTIVE RELIEF

## I. Introduction

1. This is a 42 U.S.C. §1983 action Complaint filed by Plaintiff, ___Keith Scruggs_____

_____, prisoners alleging violation of their constitutional rights to adequate conditions of confinement and adequate medical care in prison seeking injunctive relief and money damages.

## II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of State law, of the rights secured by acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

4. The United States District Court for the Southern District of Indiana, Indianapolis Division is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

5. Plaintiff seek declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

6. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and also Rule 65 of the Federal Rules of Civil Procedure.

7. The Court has Supplemental Jurisdiction over Plaintiff State law claims under 28 U.S.C. § 1367.

### III.  Parties

8.  Plaintiff, ___Keith Scruggs___ is and was at all times mentioned herein a prisoner of the State of Indiana in the custody of the Indiana Department of Corrections.  He is currently confined in Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana  46064

9.  Defendant Eric J. Holcomb, at all relevant times mentioned was the Governor for the State of Indiana; his role is to make sure that the Indiana Department of Corrections and their employees that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

    — State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN  46204-2738.

10. Defendant Robert E. Carter, Jr., at all relevant times mentioned was the Commissioner for the State of Indiana; his role is to make sure that the Indiana Department of Corrections and their employees that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

    — State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN  46204-2738.

11. Defendant Dr. Dauss, at all relevant times mentioned was the Indiana Department of Corrections Medical Director; her role is to make sure that the Indiana Department of Corrections and their employees that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

   — State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN 46204-2738.

12. Defendant Dennis Reagal, at all relevant times mentioned was the Warden for Pendleton Correctional Facility; his role is to make sure that the Indiana Department of Corrections prison officials and also their private medical contractors are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

   — Pendleton Correctional Facility 4490 West Reformatory Road, Pendleton, IN 46064.

13. Defendant Indiana Department of Corrections, at all relevant times mentioned was the Corporation and their employees and private medical contractors that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

   — State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN 46204-2738.

14. Defendant Centurion Medical Provider, at all relevant times mentioned was the private medical contractor for the Indiana Department of Corrections; their role is to ensure that incarcerated offenders are receiving adequate medical services.

   — Centurion Health, 334 North Senate Avenue, Indianapolis, IN 46204.

### IV.  Exhaustion of Available Remedies

15. Plaintiff have exhausted all of his administrative remedies before filing this complaint.

### V.  Factual Statement

16. On November of 2021 through June 7, 2022 Plaintiff, ___keith Scruggs___

    had got injured from showering, drinking and consuming contaminated water that has

    legionella bacteria and other possible bacteria and chemical contaminates that are from old

    lead piping that are decades old at Pendleton Correctional Facility.

17. The Plaintiff injuries are cough, headaches, abdomen pains, muscle aches, shortness of breath,

    nausea, cold chills, fever and diarrhea, stool complications, cardiovascular problems and

    possible kidney problems.  These injuries came from the Defendants' Eric J. Holcomb, Robert

    E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion

    Medical Provider policies and practices and their failure to treat the plaintiff injuries from

    contaminated water, and as of June 7, 2022 the Defendants still has shown total disregard to

    address the Plaintiff injuries.

18. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider was liable from their policies, practices and customs and they were deliberately indifferent in making sure that there is an adequate number of the Indiana Department of Corrections employees and the Centurion Medical Provider employees to transport the Plaintiff to a medical department to be seen by a nurse and a physician after the Plaintiff had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems.   These injuries came from the contaminated water at the prison.  Pendleton Correctional Facility is short-staffed.

19. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider was liable from their policies, practices and customs and they were deliberately indifferent in making sure that the old lead piping at Pendleton Correctional Facility were replaced after receiving reports from the Plaintiff that the water was contaminated and also receiving reports from outside private contractors and the news media that the water was contaminated.  The Defendants had cared less to remedy the problem with the old lead piping.

20. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider was liable from their policies, practices and customs and they were gross when they had retaliated against the Plaintiff, ___Keith Scruggs___ when they continue to deny the Plaintiff medical care when the Plaintiff was experiencing cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. The Defendants had treated the Plaintiff as a nuisance because the Plaintiff kept constantly seeking medical care from the Defendants because the Plaintiff was in pain from consuming and showering with contaminated water.

21. Upon information and belief one incarcerated man had died from contaminated water and five men incarcerated at the prison had been hospitalized for treatment. Please see Exhibit A, that is attached to the back of this complaint.

22. All the Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider through their policies, practices and customs when they had violated 42 U.S.C. § 300F et. seq. (1974) The Safe Drinking Water Act (SDWA) when they failed to have quality of drinking water at Pendleton Correctional Facility that injured the Plaintiff when he had consumed and bathed from the contaminated water. Please see Exhibit B, that is attached to the back of this complaint.

## Claims For Relief

### A. Denied Medical Care Claims

23. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider are liable from their policies, practices and customs and also their deliberately indifference to the Plaintiff, _Keith Scruggs_ health and safety when they failed to provide adequate medical care to the Plaintiff when he had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems due to the harmful effects of the bacteria and chemicals contaminated water from the lead piping at Pendleton Correctional Facility in the month of November 2021 through June 7, 2022. This constitutes deliberate indifference to Plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution.

24. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider are liable from their policies, practices and customs and also their deliberately indifference to the Plaintiff, _Keith Scruggs_ health and safety when the Defendants knew and disregarded having an adequate number of the Indiana Department of Corrections employees and the Centurion Medical Provider employees to transport the Plaintiff to a medical department at Pendleton Correctional Facility so that they can be treated and seen by a nurse and a physician when the Plaintiff had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems due to the harmful effects of the bacteria and chemicals contaminated water from the lead piping at Pendleton Correctional Facility.  Pendleton Correctional Facility is understaffed this incident happened from November of 2021 through June 7, 2022.   This constitutes deliberate indifference to Plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution.

**B.  Environmental Hazards**
**Conditions of Confinement Claims**

25. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana

Department of Corrections and Centurion Medical Provider are liable from their policies,

practices and customs and also their deliberately indifference to the Plaintiff,

Keith Scruggs health and safety

when the Defendants had failed to replace the lead piping at Pendleton Correctional Facility

that has contaminated water from bacteria and chemicals from the lead piping that caused the

Plaintiff to have headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold

chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney

problems from bathing and consuming the contaminated water.  This is an environmental

Hazard and constitutes deliberate indifference to the Plaintiff basic human needs in his

conditions of confinement at Pendleton Correctional Facility in violation of the Eighth

Amendment to the United States Constitution.

## C. Retaliation Claims

26. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana

Department of Corrections and Centurion Medical Provider had retaliated against the Plaintiff,

_____Keith Scruggs_____ when the Defendants

had treated the Plaintiff as a nuisance and denied his medical care because the Plaintiff kept

constantly seeking medical care from the Defendants because the Plaintiff was in pain

consuming and showering with contaminated water that cause the Plaintiff to experience

cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever,

diarrhea, stool complications, cardiovascular problems and possible kidney problems. This

constitutes retaliation for the Plaintiff using his Freedom of Expression to seek medical care

that was denied by the Defendants in violation of the First Amendment to the United States

Constitution.

### D. Negligence State Law Claims

27. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider had neglected the Plaintiff, _Keith Scruggs_ medical care when he was sick from contaminated water from the lead piping at Pendleton Correctional Facility that caused the Plaintiff to have illnesses such as cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. The Defendants knew that there was harmful bacteria and chemicals in the water and they refused to change the lead piping at Pendleton Correctional Facility and they careless to render medical services to the Plaintiff. This constitutes negligence under State law in violation of the Eighth Amendment to the United States Constitution.

**E. Violation of 42 U.S.C. § 300F et seq. (1974)**
**The Safe Drinking Water Act (SDWA) Claims**

28. Defendants Eric J. Holcomb, Robert E. Carter, Jr., Dr. Dauss, Dennis Reagal, Indiana Department of Corrections and Centurion Medical Provider are liable from their policies, practices and customs when the Defendants was deliberately indifferent in providing quality safe drinking water at Pendleton Correctional Facility that injured the Plaintiff, Keith Scruggs when they have consumed and bathed from the contaminated water that has harmful bacteria and chemicals in the water from the lead piping at the prison. The Plaintiff is suffering from cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems from bathing and consuming the contaminated water. The Defendants had violated 42 U.S.C. § 300F et seq. (1974) The Safe Drinking Water Act (SDWA). The Safe Drinking Water Act (SDWA) was established to protect the quality of drinking water in the U.S. This law focuses on all waters actually or potentially designed for drinking use, whether from above ground or underground sources.

**Relief Requested**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment right to adequate medical care;

B. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights to have their basic human needs met in their conditions of confinement;

C. Declare that all Defendants in this complaint had violated Plaintiff First Amendment rights to Freedom of Expression to seek medical care from the Defendants and was denied from the Defendants because they felt the Plaintiff was a nuisance this is retaliation against the Plaintiff;

D. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights when they neglected treating the Plaintiff injuries from contaminated water at Pendleton Correctional Facility;

E. Declare that all Defendants in this complaint had violated 42 U.S.C. § 300F et seq. (1974) The Safe Drinking Water Act (SDWA) when the Defendants had disregarded providing quality safe drinking water for the Plaintiff at Pendleton Correctional Facility;

F. Issue an injunction ordering the Defendants to:

1. Replace the old lead piping that cause harmful bacteria and chemicals in the water to be contaminated at Pendleton Correctional Facility.

2. To render outside medical care by a license medical provider to give adequate medical care to the Plaintiff that was injured from the harmful bacteria and chemicals from the contaminated water at Pendleton Correctional Facility.

3. To hire more staff or activate the National Guard to fulfill the role for the empty vacancy of Indiana Department of Corrections employees and Centurion Medical Provider employees to handle medical care, transportation to medical facilities and any necessary role that is just by the Court's orders.

4. To install intercoms in cell houses so that the Plaintiff as an inmate can communicate with Indiana Department of Corrections and Centurion Medical Providers prison officials when asking for immediate medical services when the Plaintiff adequate conditions of confinement at Pendleton Correctional Facility is not satisfactory.

G. Award compensatory damages for Plaintiff physical and emotional injuries in the amount of $ 1,000,000 _____ joint and severely from Defendants;

H. Award punitive damages for the amount of $ 75,000 _____ against each Defendant;

I. Provide cost for Plaintiff for all jury proceedings and Court cost; and

J. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

Signature: Keith Scruggs

D.O.C. # 994428

Date: July - 5 - 22

Address: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, IN 46064

## Verification

Affidavit or Declaration of verification, the affiants swears or declares that the facts stated in a

document (e.g., Complaint) are true to his knowledge, and that the facts stated on information

and belief are true to the best of his knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify or state) under penalty of perjury that

the following is true and correct.

1. **Signature:** _Keith Scruggs_
   **D.O.C. #** _994428_
   **Date:** _July - 5 - 22_
   **Address:  Pendleton Correctional Facility, 4490**
   **West Reformatory Road, Pendleton, IN 46064**